<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARK URICH, | : | |
| | : | |
| Plaintiff Pro Se, | : | Civ. No. 14-5490 (FSH) |
| | : | |
| v. | : | |
| | : | OPINION |
| J. GORDON AND COMPANY, INC., | : | |
| MARSHALL LARNER, and | : | |
| JOHN DOE, | : | |
| | : | |
| Defendants. | : | |

## I. INTRODUCTION

This matter comes before the Court by way of Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Under Federal Rule of Civil Procedure 78, the Court decides this motion without oral argument. For the reasons set forth below, the Court will grant Defendants' motion to dismiss.

## II. BACKGROUND

### A. RELEVANT FACTS

#### i. THE CURRENT DISPUTE

The parties' dispute has been the subject of two different lawsuits, one filed in this District, and another filed in Maryland State Court, each concerning the breach of the same oral contract. This case originated on September 2, 2014 when Plaintiff *pro se* filed a Complaint alleging breach of an oral agreement against Defendants J. Gordon and Company, Inc. ("JGC"), and Marshall Larner ("Larner"). Plaintiff personally served Defendants with the Complaint on

September 12, 2014.[1]

In "mid-June 2014," Plaintiff claims that the parties entered an oral agreement in New Jersey whereby Defendants would repair his boat.  Plaintiff asserts that Defendants both delayed repairing his boat within a "reasonable time," and that the repairs performed were substandard, which rendered his boat "totally unusable."  He further contends that he spent several hours searching for other contractors to perform the necessary repairs; and, that his boat "still sits at defendant's yard [in Maryland]."

At all times relevant to this case, Plaintiff resided in New Jersey.  Plaintiff's principal argument in favor of this Court's jurisdiction is that the parties negotiated the terms of the oral agreement at issue, and Defendants' performance of that agreement, via email, while Plaintiff resided in New Jersey.  Plaintiff mainly relies on emails from May through June of 2014, which he argues establish the Court's personal jurisdiction over Defendants.

Unlike Plaintiff, Defendants reside in Maryland.  More specifically, Defendant JGC, which is a yacht repair center, is a Maryland corporation with its principal place of business also in Maryland.  JGC asserts that it has never advertised, owned real estate, operated a bank account, paid taxes, or otherwise transacted business in New Jersey.  Defendant Larner, who is the President of JGC, likewise is a thirty-eight year Maryland resident, who alleges that he has never owned real estate, or otherwise transacted business, in New Jersey.

---

[1] Defendant Larner alleges that on September 12, 2014, Plaintiff attempted to effect service by walking into his Maryland office and handing him the Summons and Complaint.  In his reply brief, Plaintiff does not dispute that allegation.  Even if Plaintiff did not personally serve the Complaint, for the reasons set forth herein, dismissal is still appropriate because this Court lacks both specific and general personal jurisdiction over Defendants.

For these reasons, Defendants dispute the nature of the parties' oral agreement. For example, Defendants assert that the parties actually entered the oral agreement at issue in Maryland and not in New Jersey. They also claim that they performed "all of the invoiced work at [their Maryland] facility in July and August 2014," and that Plaintiff did not fully pay for Defendants' work.

### ii. THE MARYLAND ACTION

Before this case began, Defendant JGC sued Plaintiff for breach of the same oral agreement at issue here in the District Court of Maryland, Anne Arundel County (the "Maryland Action"). In that case, JGC seeks $8,234.53, which it asserts is the unpaid balance Plaintiff owes for the repairs Defendants actually performed on his boat. As in the current dispute, Defendants claim that all work performed on Plaintiff's boat occurred in Maryland. As evidence, Defendants include the invoices showing the repairs, and the unpaid balance Plaintiff allegedly owes.

### III. ARGUMENTS

#### A. DEFENDANT

Defendants argue that the Court lacks personal jurisdiction, and should thus dismiss the Complaint, for two main reasons. The first reason is that Plaintiff violated Federal Rule of Civil Procedure 4(c)(2)(A) by personally serving the Summons and the Complaint.

Second, Defendants assert that the Court cannot exercise either specific or general jurisdiction because all of the relevant events in this case occurred in Maryland, and not in New Jersey. Defendants contend that alleged email negotiations concerning the oral contract, which occurred while Plaintiff lived in New Jersey, cannot confer either specific or personal

3

jurisdiction. Indeed, Defendants assert that the work performed on Plaintiff's boat, which is the core issue in this case, occurred in Maryland. According to Defendants, Plaintiff's boat currently remains in Maryland.

In addition, Defendants argue that JGC lacks "continuous and systematic contacts" with New Jersey because it never transacted business in this state, advertised, or operated a bank account. Likewise, Defendant Larner asserts that he lacks any relevant contacts with New Jersey because he has neither owned any real estate, nor otherwise transacted business here.

### B. PLAINTIFF

In his opposition, Plaintiff submits emails from May through June of 2014, which he argues establishes the Court's personal jurisdiction over Defendants. Plaintiff essentially argues that jurisdiction is proper here because the parties negotiated the oral agreement, and discussed Defendants' performance of the relevant repairs, while Plaintiff resided in New Jersey.

## IV. DISCUSSION

### A. SERVICE OF PROCESS

In general, courts liberally construe complaints filed by *pro se* litigants. See U.S. v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Despite that flexible standard, *pro se* litigants still bear the "burden of showing that the case is properly before the court at all stages of the litigation." Phillip v. Atl. City Med. Ctr., 861 F. Supp. 2d 459, 466 (D.N.J. 2012) (internal quotations and citations omitted). As a result, "even with the relaxed treatment accorded pro se plaintiffs, the Court has no power to adjudicate a suit over defendants who have not been served." Conrad v. Potter, No. 04-5094, 2006 WL 54337, at *2 (D.N.J. Jan. 10, 2006) (dismissing complaint where pro se litigant did not serve defendant within 120 days of filing suit). That is, when defendants

assert the lack of personal jurisdiction, plaintiffs must demonstrate "jurisdictional facts through sworn affidavits or other competent evidence." Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984) (noting that plaintiff cannot "rely on bare pleadings alone in order to withstand dismissal [of defendant's] motion but, rather, must respond with actual proofs, not mere allegations.").

The United States Supreme Court has recognized that without proper service of process "a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344-45 (1999). Typically, any person "who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Thus, *pro se* litigants who personally serve a summons and complaint violate Rule 4(c)(2). See, e.g., Reading v. U.S., 506 F. Supp. 2d 13, 19 (D.D.C. 2007).

In this case, Plaintiff has offered no evidence contradicting his personal service of the Summons and the Complaint on September 12, 2014. Because of Plaintiff's improper service, the Court concludes that it lacks personal jurisdiction over Defendants. See Reading, 506 F. Supp. 2d at 19-20.

### B. PERSONAL JURISDICTION

Although dismissal is proper because of Plaintiff's improper personal service, in the interest of completeness, the Court will address the parties' remaining jurisdictional dispute.

Evaluation of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) requires that the Court accept the complaint's allegations as true "and construe disputed facts in favor of the plaintiff." Pinker v. Roche, 292 F.3d 361, 368 (3d Cir. 2004). Under Federal

Rule of Civil Procedure 4(k)(1)(A), federal courts may exercise personal jurisdiction over non-resident defendants "according to the law of the state where it sits."  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007).   In New Jersey, federal law governs the exercise of personal jurisdiction over non-resident defendants because the state's long-arm statute permits service of non-resident defendants only if such service satisfies the Fourteenth Amendment's Due Process Clause.   See IMO Inds., Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998).

Courts exercise personal jurisdiction under two theories: specific jurisdiction or general jurisdiction.   See Marten v. Godwin, 499 F.3d 290, 296-97 (3d Cir. 2007).   Here, the Court cannot exercise either specific or general jurisdiction over Defendants.   See, e.g., J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2790-91 (2011) (ruling that specific jurisdiction did not exist over a corporation that owned no property, paid no taxes, did not advertise, and had no employees in New Jersey).

            i. GENERAL JURISDICTION

Courts may exercise general jurisdiction if a defendant maintains "systematic and continuous contacts with the forum state."   Marten, 499 F.3d 296.   For this reason, exercising general jurisdiction over a defendant requires plaintiffs to show "significantly more than mere minimum contacts."   Database Am. Inc. v. Bellsouth Adv. & Pub., 825 F. Supp. 1195, 1209 (D.N.J. 1993).   General jurisdiction is a "rigorous burden [that] ensures the fairness of treating a non-resident identically to a resident in terms of amenability to suit in the jurisdiction." Giangola v. Walt Disney World Co., 753 F. Supp. 148, 154 (D.N.J. 1990).   To establish general jurisdiction, plaintiff must demonstrate "significantly more than minimum contacts." Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987); see

6

also Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 633 (D.N.J. 2004) (explaining "general jurisdiction requires a very high threshold of business activity.") (citations and internal quotations omitted).

The Supreme Court has therefore clarified that courts may assert general jurisdiction over a corporation only if that corporation's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014). Regarding corporations, "the place of incorporation and principal place of business are [paradigm] bases for general jurisdiction." Id. at 760.

Here, Plaintiff has submitted no evidence demonstrating that Defendants have any substantial contacts with New Jersey. See, e.g., Database, 825 F. Supp. at 1211-12. For instance, Defendant JGC is a Maryland corporation that does not advertise, own real estate, pay taxes, or operate a bank account in New Jersey. Defendant Larner, the President of JGC, is also a Maryland resident who neither owns real estate nor transacts business here. Accordingly, because Defendants lack "continuous and systematic" affiliations that render them at home in New Jersey, the Court cannot properly exercise general jurisdiction. See Daimler, 134 S. Ct. at 761-62.

### ii.  SPECIFIC JURISDICTION

Next, to exercise specific jurisdiction, courts analyze defendant's "minimum contacts," which requires deciding whether: (i) defendant "purposely directed" activities at the forum state; (ii) plaintiff's core claim arises out of or relates to "at least one of those specific activities;" and (iii) exercising jurisdiction over the non-resident defendant "comport[s] with fair play and substantial justice." See Marten, 499 F.3d at 296 (internal citations and quotations omitted).

For specific jurisdiction to exist, the defendant requires a connection to the forum state, such that defendant can "reasonably anticipate being haled into court there." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). More broadly, when considering the reasonableness of exercising jurisdiction over a non-resident defendant, courts weigh various factors, such as: (i) the burden on the defendant, (ii) plaintiff's interest in convenient and effective relief, (iii) the forum's interest in adjudicating the dispute, (iv) the interstate or international judicial system's interest in obtaining an efficient resolution, and (v) the procedural and substantive interests of other countries. O'Connor, 496 F.3d at 324 (internal citations and quotations omitted).

In breach of contract cases, courts consider the "totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." Remick v. Manfredy, 238 F.3d 248, 256 (3d Cir. 2001). Sparse communications between the parties about the contract do not establish personal jurisdiction over a non-resident defendant. See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co., 75 F.3d 147, 152 (3d Cir. 1996). Rather, jurisdiction over a non-resident defendant is proper if that defendant: (i) solicited Plaintiff's business, (ii) initiated the negotiations, (iii) sent payments to Plaintiff's forum state, or (iv) continued extensive communications with the Plaintiff, in Plaintiff's forum state, after the transaction. See id. at 152-53; see also Assoc. Bus. Tel. Sys. Corp. v. Greater Capital Corp., 861 F.2d 793, 797 (3d Cir. 1988) (finding personal jurisdiction over non-resident defendant where the parties entered "a long term contract [creating] continuing obligations" over ten years). Accordingly, personal jurisdiction is absent where the parties' agreement relates to a relatively short-term transaction. See Assoc. Bus. Tel. Sys. Corp. v.

Danihels, 829 F. Supp. 707, 711 (D.N.J. 1993) ("Defendant has never been to New Jersey, [and] has no personal connection to New Jersey . . . His entry into this single, short-term contract does not establish the necessary 'continuous and systematic' contacts with the forum."); see also Element Fin. Corp. v. ComQi, Inc., No. 14-2670, 2014 WL 4977398, at *7 (E.D. Pa. Oct. 7, 2014) (ruling there was no "manifest intent by the parties to enter into a long-term business relationship—or even to conduct business beyond the [contract's terms, which meant that defendant] did not purposely avail itself of the privileges of doing business in Pennsylvania").

In this case, the Court cannot exercise specific jurisdiction over Defendants.   See, e.g., J. McIntyre, 131 S. Ct. at 2790-91.   The record simply does not indicate that Defendants have any ties, let alone "minimum contacts" with New Jersey.   While the parties dispute where they entered the verbal contract requiring Defendants to repair Plaintiff's boat, the record indicates that the parties' agreement was short-lived and limited to Defendants' repair of Plaintiff's boat, which was performed in Maryland.

Additionally, the invoices submitted by Defendants indicate that they never visited New Jersey in connection with repairing Plaintiff's boat.   Furthermore, Plaintiff himself admits having to "drive down to [view the] boat on ten different occasions to inspect defendant's progress."   Plaintiff simply provides no proof that Defendants solicited his business, initiated negotiations about the repair of his boat, or continued extensive communications with him after the repairs occurred.   See Vetrotex, 75 F.3d at 152.   Instead, Plaintiff's main argument in support of jurisdiction is that the parties either negotiated or generally discussed the agreement to repair his boat via email, while Plaintiff lived in New Jersey.   However, in the absence of evidence showing Defendants' strong ties with the forum state, such communications alone

9

cannot provide this Court with jurisdiction.  See Vetrotex, 75 F.3d at 152 (emphasizing "informational communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]."); see also Machulsky v. Hall, 210 F. Supp. 2d 531, 542 (D.N.J. 2002) (clarifying that minimal email correspondence "by itself or even in conjunction with his single purchase, does not constitute sufficient minimum contacts.").

Thus, dismissal is also proper because the Court cannot exercise specific jurisdiction over Defendants.  See Danihels, 829 F. Supp. at 713.

### V.    CONCLUSION

For the reasons set forth above, the Court will grant Defendants' motion to dismiss for lack of personal jurisdiction [D.E. 4-1].    An appropriate Order accompanies this Opinion.

/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**

Date: February 23, 2015